# Back-End Closing Document Checklist

1/29/2019

| | | | |
|---|---|---|---|
| **Investor #:** | *667   NATIONS LENDING* | **Loan #:** | *0031240542   Franks* |
| **Loan Type:** | *FHA HAMP* | **Closer:** | *Kristin brown* |
| ☐ 1st Set | **Complete Copy Received** | **Bankruptcy:** | *ACTIVE 13* |
| ☐ 2nd Set | **Documents not correct/ completed** | | |

| Modification Documents: | | Partial Claim Documents: | |
|---|---|---|---|
| ☑ Loan Modification Agreement | | ☑ Subordinate Note | |
| ☐ Modification Bankruptcy Rider / Wording | | ☑ Subordinate Mortgage / Deed of Trust | |
| ☑ Notice of No Oral Agreements | | ☑ Notice of No Oral Agreements | |
| ☑ Correction Agreement | | ☑ Correction Agreement | |
| ☑ Attorney Selection Notice | | ☑ Attorney Selection Notice | |
| ☐ PG Affidavit / Affidavit / Non-Identity or Tax Form (if Applicable) | | ☐ PG Affidavit / Affidavit / Non-Identity or Tax Form (if Applicable) | |
| ☐ Assignment of Mortgage (if Applicable) | | ☐ | |

## Closer QC - Pre-signing

☑ System Change Form (**Modification Review**) Attached

☐ Verified the **Capitalized Amount** matches the Non Cash Transactions: **Interest Bearing Principal Non Cash Amount**

☑ Verified the **Principal Reduction w/PC Funds Amount** matches the Non Cash Transactions: **Interest Bearing Principal Non Cash Amount**

☑ Non-Monetary Adjustment Form
Completed and Attached

☐ Write-off Transmittal Form
Completed and Attached (if Applicable)

☑ Borrower 1 - signed and dated
Verified Name is legiable & Date is correct

☐ Borrower 2 /Vested - signed and dated
Verified Name is legiable & Date is correct

☑ Verify Borrower Notary - signed / dated / stamped
Verified Name & Date is correct
Is the stamp legible?   ☑ Yes   ☐ No

☐ Witness/Witnesses signed

☑ **Modified Due  Date**

☑ **Loan Due Date**
(AFTER Suspense Posting)

## Post Signing QC

☑ System Change Form (Modification Review) - signed

☑ Non-Monetary Adjustment Form - signed

☑ Write-off Transmittal Form - signed
(if Applicable)

☑ Lender - signed and dated
all required pages

☐ MERS Rep - signed and dated
all required pages

☑ Lender / MERS Notarized - signed / dated / stamped
all required pages
Is the stamp legible?   ☑ Yes   ☐ No

☑ Subordinate Note   ☑ Partial Claim  Mortgage

☑ Bankruptcy Status   *ACTIVE 13*
(IF ACTIVE - DO NOT REQUEST BUY-OUT)

☑ **Loan Requires Buyout**   INV Number   *667*
600's / A03, A04 / C's / JBD / X's

☑ Step L02 [REQ POOL BUYOUT] completed

☑ Modified Due  Date   *03/01/19*

☑ **Loan Due Date**   *05/01/19*
(AFTER Suspense Posting)

*pmt reversal needed!*

☑ **PASS**   ☐ **FAIL**

| Signers: | | Initials |
|---|---|---|
| Lender: | EBONY E. ELLIOTT | *228* |
| Mers: | | |
| Notary: | Courtney Lynne Gayhart | |
| Witness 1: | | |
| Witness 2: | | |

QA'ed by:   Michelle M. Williamson

Reason for Fail:

# MODIFICATION REVIEW FORM

| | | |
|---|---|---|
| **NAME:** ANDRE FRANKS | **LOAN#:** | 31240542 |
| | **MOD REASON CODE** | 00013 CAPITALIZED-RATE & TERM CHANGE |

### Current Loan Data

| | |
|---|---|
| First Principal Balance: | $109,798.82 |
| Total Loan Balance: | $109,798.82 |
| Interest Rate: | 5.000% |
| Due Date: | 5/1/2018 |
| Remaining Term: | 339 |
| P&I Payment: | $598.25 |
| Escrow Payment: | $684.61 |
| Current PITI: | $1,282.86 |

### Modified Loan Data

| | |
|---|---|
| First Principal Balance: | $119,789.74 |
| Total Loan Balance: | $119,789.74 |
| Interest Rate | 4.750% |
| Current Due Date | 03/01/19 |
| Current Term | 360 |
| Current P&I | $624.88 |
| Escrow Payment: | $684.61 |
| Modified PITI | $1,309.49 |
| Rate: | Fixed |

UPDATE MAS1/NOT1

| | |
|---|---|
| **New Original Balance** | $119,789.74 |
| **New Original Interest Rt** | 4.750% |
| **New Original Term** | 360 |

| | Contribution | Partial Claim | Delinquency | Capitalized Amount |
|---|---|---|---|---|
| | $0.00 | $4,978.42 | $14,969.34 | $9,990.92 |

| | Breakdown | Breakdown | Breakdown | |
|---|---|---|---|---|
| Delinquent Interest : | 0.00 | 4,574.95 | $4,574.95 | $0.00 |
| Escrow Advance: | 0.00 | 403.47 | $6,272.39 | $5,868.92 |
| Outstanding Atty Fees/Costs: | 0.00 | 0.00 | $4,122.00 | $4,122.00 |
| Capitalized Amount | | | | $9,990.92 |
| Current Principal Balance: | | | | $109,798.82 |
| | | | | $0.00 |
| | 0.00 | 0.00 | | $0.00 |
| Check-Total PC before Contribution | | 4,978.42 | | |
| Modified Principal Balance that is included in the amortized schedule | | | | $119,789.74 |

**Loan Adjustments:**

| | |
|---|---|
| New Maturity Date: | 2/1/2049 |
| Old Maturity Date: | 4/1/2047 |

**Non Cash Transactions:**

| | |
|---|---|
| Interest Bearing Principal Non Cash Amount | $9,990.92 |
| Non-Interest Bearing Principal Non Cash Amount | $0.00 |
| Is this loan a troubled debt restructure? | No |

### Borrowers/Applicants to be Named on Mod

ANDRE FRANKS

### Notes/Comments

| | |
|---|---|
| Underwriter: | WENDY O LYLES |
| Closer: | |
| Team Lead/Supervisor: | LESLIE ANN HOLCOMB |

MM001
JANUARY 29, 2019                    NON-MONETARY ADJUSTMENT REQUEST

                                        !!FOR ACCOUNTING PURPOSES!!
                                        CHECK APPR. ADJ. TYPE

LOAN # :   0031240542
NAME:      ANDRE FRANKS              MOD_____    DISC P/O_____
                                     CHARGE OFF: LOAN __ ISF __
PROPERTY:  1284 PRICE AVE                        REO __
           CALUMET CITY IL 60409
                                    PRIN BAL:         _____
                                    H/O(INV BILLED) ADV:_____
INVESTOR:  667                      ACCR. INT.:       _____
CATEGORY:  632                      LESS PRO/RECVD:  -_____
INV. LOAN #: 0219323625             LESS SUSPENSE:   -_____
                                    SUBTOTAL:         _____
HIGH TYPE: FIRST MORTGAGE ONLY      LESS BAL OF CHARGE OFF: -_____
LO TYPE:   FHA                      TOTAL CHARGE OFF TO G/L: _____


STOPS:  PROCESS M, PIF 0, FC   2
        NOTICE  L, ANA 6, DISB 5


1099-A  _____

                                        ##ADJUSTMENTS##
## BALANCES##                  (+) ADD TO BALANCE, (-) REDUCE BALANCE


PRINCIPAL BALANCE:        109,658.07    (+)/ -  $99092
2ND PRINCIPAL BALANCE:          .00     + / -  _____
ESCROW BALANCE:                 .00     + / -  _____
ADVANCE BALANCE:             453.82     + / -  _____
SUSPENSE BALANCE:          1,336.12     + / -  _____
RESTRICTED ESCROW:              .00     + / -  _____
LATE CHARGE DUE:             143.58     + / -  3/1/9
DUE DATE:                  06-01-18

##FORECLOSURE ADVANCE BALANCES#

TAXES:                     4,113.33     + / -  _____
HAZARD INSURANCE:          1,798.00     + / -  _____
MIP/PMI:                     837.13     + / -  _____
FORECLOSURE:                    .00

INV. ADV.:                      .00     + / -  _____
ESC. ADV.:                   453.82     + / -  _____
RECOVER ADV.:              4,182.00     + / -  _____
NON RECOVER ADV.:            685.00     + / -  _____
THIRD PARTY ADV.:               .00     + / -  _____

COMMENTS:  KRISTIN BROWN


REQUESTED BY:
DATE:              01-29-19

APPROVED BY:
PRINTED NAME:              LESLIE ANN HOLCOMB
DATE:
                   1-29-19

# WRITE-OFF / ADVANCE TRANSMITTAL FORM

| | |
|---|---|
| DATE | 29-Jan-2019 |
| INVESTOR # | 667 |
| LC LOAN # | 0031240542 |

**REASON (CHECK ONE):**

| | |
|---|---|
| SHORT SALE | ✓ |
| FORECLOSURE | |
| REO | |
| MODIFICATION | |
| THIRD PARTY SALE | |
| DEED-IN-LIEU | |
| PAID IN FULL | |
| OTHER (EXPLAIN) | |

## LOAN MODIFICATION ADVANCES

IF MODIFICATION, ARE ANY AMOUNTS BEING CAPITALIZED?   YES ✓   NO ☐

IF YES:

| | |
|---|---|
| ESCROW ADVANCE | $5,868.92 |
| CORPORATE ADVANCE (OUTSTANDING ATTY FEES/ COST) | $4,122.00 |

PREPARED BY: _____

LOANCARE APPROVAL: _____
(Team Lead and up)

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

I hereby certify that this is a true and correct copy
of the original document sent for recording.
Signature _____
Certified by _____
Date _____
Loan Care, LLC

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: 0031240542

FHA Case No.: 137-8977675-703

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this   21st  day of   January, 2019        ,
between  ANDRE FRANKS, SINGLE MAN, whose address is  1284 PRICE AVE, CALUMET CITY, Illinois
60409
("Borrower/Grantor")
and Nations Lending Corporation by LoanCare, LLC, as Agent under Limited Power of Attorney, whose address is
3637 Sentara Way, Virginia Beach, Virginia 23452

("Lender/Grantee"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated
April 3rd, 2017         , recorded   April 7th, 2017       , and recorded in Book/Liber  N/A         , Page
N/A          , Instrument No.   1709708148        , of the        Records of  Cook
County, Illinois         , and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which
covers the real and personal property described in the Security Instrument and defined therein as the "Property,"
located at  1284 PRICE AVE, CALUMET CITY, Illinois 60409
,

Loan No.: 0031240542

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.    As of March 1st, 2019          , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 119,789.74          , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of   4.750   %, from February 1st, 2019        . Borrower promises to make monthly payments of principal and interest of U.S. $ 624.88          , beginning on the  1st   day of  March          , 2019      , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of  4.750      % will remain in effect until principal and interest are paid in full. If on February 1st, 2049        , (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

---

**ILLINOIS LOAN MODIFICATION AGREEMENT**                                      Page 2 of 6
**(FNMA Modified Form 3179 1/01 (rev. 04/14))**

Loan No.: 0031240542

5.    Borrower understands and agrees that:

(a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

6.    If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7.    Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph.

Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a

Loan No.: 0031240542

waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

Loan No.: 0031240542

_1 - 24 - 19_
Date

_Andre Franks_ (Signature)    _____ (Seal)
ANDRE FRANKS                              –Borrower

_____    _____ (Seal)
Date                                                      –Borrower

_____    _____ (Seal)
Date                                                      –Borrower

_____    _____ (Seal)
Date                                                      –Borrower


## BORROWER ACKNOWLEDGMENT

State of    _Illinois_    §
                                            §
County of    _Cook_    §

On this _24th_ day of _January_ _____, _2019___, before me,
_Iordanka Kopiec_____ *[name of notary]*, a Notary Public in and for said state,
personally appeared    ANDRE FRANKS

*[name of person acknowledged]*, known to me to be the person who executed the within instrument, and
acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

"OFFICIAL SEAL"
IORDANKA KOPIEC
Notary Public, State of Illinois
My Commission Expires 05/13/2022

_Iordanka Kopiec_____
Notary Signature

_Iordanka Kopiec_____
Type or Print Name of Notary

Notary Public, State of_____ _Illinois_ _____

My Commission Expires:_____ _05-13-2022_

Loan No.: 0031240542

Nations Lending Corporation by _____
LoanCare, LLC, as Agent under Limited–Lender
Power of Attorney

_____  1/29/19
                                                  -Date

By: _____

Printed Name: ___ EBONY E. ELLIOTT ___

Its: ___ ASSISTANT SECRETARY ___

## LENDER ACKNOWLEDGMENT

State of Virginia                    §
County of Virginia Beach      §

On this __29__ day of _____ Jan _____ 2019 , before me,
Courtney Lynne Gayhart _[name of notary]_, a Notary Public in and for said state, personally
appeared ___ EBONY E. ELLIOTT ___ , ___ ASSISTANT SECRETARY ___
_[name of officer or agent, title of officer or agent]_ of Nations Lending Corporation by LoanCare, LLC, as Agent
under Limited Power of Attorney

_, [name of entity]_

known to me to be the person who executed the within instrument on behalf of said entity, and acknowledged to me
that he/she/they executed the same for the purpose therein stated.

(Seal)

COURTNEY LYNNE GAYHART
NOTARY PUBLIC
REGISTRATION #7721097
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
APRIL 30, 2021

Notary Signature _____
Courtney Lynne Gayhart

Type or Print Name of Notary

Notary Public, State of _____ Virginia _____

My Commission Expires: _____ 4-30-2021 _____

ACKNOWLEDGMENT (ILLINOIS)                                      Page 6 of 6

Loan No.: 0031240542

# LOAN MODIFICATION AGREEMENT
# BANKRUPTCY DISCLOSURE ADDENDUM

THIS LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM is made this 21st   day of   January, 2019                    , and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to Nations Lending Corporation by LoanCare, LLC, as Agent under Limited Power of Attorney

(the "Lender")

and covers the Property located at:

1284 PRICE AVE, CALUMET CITY, Illinois 60409
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court.**
2. Borrower will seek a discharge in a Chapter 13 bankruptcy proceeding **AFTER** the execution of Loan Modification Agreement;
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement and this Loan Modification Agreement Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Loan Modification Agreement Bankruptcy Disclosure Addendum, the terms of the Loan Modification Agreement will remain unchanged and in full effect.

_____        _____
ANDRE FRANKS                          -Borrower                                                    -Borrower

_____        _____
                                      -Borrower                                                    -Borrower

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM                    Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: 0031240542

Nations Lending Corporation by
LoanCare, LLC, as Agent under          --Lender
Limited Power of Attorney

_____ 1/29/19
                                          -Date

By: _____
        **ASSISTANT SECRETARY**

Its: _____

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM          Page 2 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: 0031240542

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    _____
ANDRE FRANKS                    -Borrower                                         -Borrower

_____    _____
                                -Borrower                                         -Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)

Loan No.: 0031240542

# CORRECTION AGREEMENT

**Borrower(s):** ANDRE FRANKS

**Property:** 1284 PRICE AVE, CALUMET CITY, Illinois 60409

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is ANDRE FRANKS.

"Lender" is Nations Lending Corporation by LoanCare, LLC, as Agent under Limited Power of Attorney
, and its successors or assigns.

"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.

"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.

"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $119,789.74 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be **prima facie** evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_____    _____
ANDRE FRANKS                 -Borrower (Date)                    -Borrower (Date)


_____    _____
                             -Borrower (Date)                    -Borrower (Date)

CORRECTION AGREEMENT

Loan No.: 0031240542

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:

BORROWER:

N/A Modification _____
                    (Date)

_____ 1-24-19
ANDRE FRANKS            (Date)

N/A Modification _____
                    (Date)

_____
                    (Date)

_____
                    (Date)

_____
                    (Date)

_____
                    (Date)

_____
                    (Date)

Exhibit "A"

LOT 13 IN BLOCK 3 IN THE RESUBDIVISION OF BLOCKS 1 TO 8 IN BARRETT'S
FOREST VIEW A SUBDIVISION OF THE WEST 1/2 OF THE NORTHWEST 1/4 OF THE
NORTHWEST 1/4 OF THE NORTH 1/2 OF THE SOUTHWEST 1/4 OF THE NORTHWEST
1/4 OF SECTION 20, TOWNSHIP 36 NORTH, RANGE 15, EAST OF THE THIRD
PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

APN #:  30-20-105-017-0000

Loan No.:  0031240542

FHA Case No.: 137-8977675-703

# PROMISSORY NOTE

January 21st, 2019

1284 PRICE AVE, CALUMET CITY, Illinois 60409

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of four thousand nine hundred seventy eight and 42/100            Dollars (U.S. $  4,978.42            ), to the order of the Lender.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

### (A) Time

On  February 1st, 2049        or, if earlier, when the first of the following events occurs:

(i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)   The maturity date of the primary Note has been accelerated, or

(iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

### (B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

MULTISTATE SUBORDINATE NOTE

Page 1 of 2
Rev.07/13

Loan No.:  0031240542

## 6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_1-24-19_____          _____(Seal)
Date                                              ANDRE FRANKS                    –Borrower

_____          _____(Seal)
Date                                                                                          –Borrower

_____          _____(Seal)
Date                                                                                          –Borrower

_____          _____(Seal)
Date                                                                                          –Borrower

MULTISTATE SUBORDINATE NOTE                                    **Page 2 of 2**
                                                                                      Rev. 07/13

**After Recording Return To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

| Loan No.:  0031240542 | FHA Case No.:  137-8977675-703 |

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on      January 21st, 2019
The Mortgagor ANDRE FRANKS, SINGLE MAN, whose address is  1284 PRICE AVE, CALUMET CITY,
Illinois 60409
("Borrower").

This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451
Seventh Street, SW, Washington, DC 20410 ("Lender").  Borrower owes Lender the principal sum of
four thousand nine hundred seventy eight and 42/100                                            Dollars
(U.S. $ 4,978.42         ).  This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on  February 1st, 2049
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect
the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, warrant, grant and convey to
the Lender the following described property located in    Cook                County, Illinois:

First Lien Mortgage Information: Dated April 3rd, 2017 and recorded in Book N/A, Page N/A, Instrument No.
1709708148.

_____
ILLINOIS PARTIAL CLAIM MORTGAGE

Page 1 of 4
Rev. 06/15

Loan No.:  0031240542

SEE EXHIBIT "A"  ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of  1284 PRICE AVE, CALUMET CITY, Illinois 60409

("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1.    **Payment of Principal.**  Borrower shall pay when due the principal of the debt evidenced by the Note.

2.    **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.    **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

Loan No.:  0031240542

    **4.  Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to:  **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

    **5.  Governing Law; Severability.**  This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

    **6.  Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

    NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

    **7.  Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise).  The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

    **If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act.  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.**

    **8.  Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

    **9.  Waiver of Homestead.**  In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

---

ILLINOIS PARTIAL CLAIM MORTGAGE

Loan No.:  0031240542

**10. Placement of Collateral Protection Insurance.**  Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower s agreement with Lender, Lender may purchase insurance at Borrowers expense to protect Lender s interests in Borrower s collateral. This insurance may, but need not, protect Borrowers interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower s and Lender's agreement.  If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower s total outstanding balance or obligation.  The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_1 - 24 - 19_ _____    _____ (Seal)
Date                                                        ANDRE FRANKS                                   –Borrower

_____    _____ (Seal)
Date                                                                                                                          –Borrower

_____    _____ (Seal)
Date                                                                                                                          –Borrower

_____    _____ (Seal)
Date                                                                                                                          –Borrower

_____[Space Below This Line For Acknowledgment]_____

State of ___Illinois___        §
                                                §
County of ___Cook___        §

The foregoing instrument was acknowledged before me this _24th of January 2019_ [date]
by ANDRE FRANKS

_____ [name of person acknowledged].

(Seal)

**"OFFICIAL SEAL"**
**IORDANKA KOPIEC**
**Notary Public, State of Illinois**
**My Commission Expires 05/13/2022**

_____
Notary Signature
Printed Name___Iordanka Kopiec___
Notary Public, State of___Illinois___
My Commission Expires: _05-13-2022_

Loan No.: 0031240542

# PARTIAL CLAIM
# BANKRUPTCY DISCLOSURE RIDER

THIS PARTIAL CLAIM BANKRUPTCY DISCLOSURE RIDER is given on the 21st    day of January, 2019        , and is incorporated into and shall be deemed to amend and supplement the Note and Security Instrument (collectively the Partial Claim Note and Partial Claim Security Instrument") of the same date made by ANDRE FRANKS

(the "Borrower"),

and the Secretary of Housing and Urban Development

(the "Lender"),

covering the property described in the Partial Claim Note and Partial Claim Security Instrument located at:

1284 PRICE AVE, CALUMET CITY, Illinois 60409

In addition to the covenants and agreements made in the Partial Claim Note and Partial Claim Security Instrument, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Partial Claim Note and Partial Claim Security Instrument is contingent upon approval by the bankruptcy court.**
2. Borrower will seek a discharge in a Chapter 13 bankruptcy proceeding **AFTER** the execution of the Partial Claim Note and Partial Claim Security Instrument.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Partial Claim Note, Partial Claim Security Instrument and this Partial Claim Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

---

Loan No.: 0031240542

Except as otherwise specifically provided in this Partial Claim Bankruptcy Disclosure Rider, the terms of the Partial Claim Note and Partial Claim Security Instrument will remain unchanged and in full effect.

| | |
|---|---|
| 1-24-19 | _____(Seal) |
| Date | ANDRE FRANKS    -Borrower |

| | |
|---|---|
| _____ | _____(Seal) |
| Date | -Borrower |

| | |
|---|---|
| _____ | _____(Seal) |
| Date | -Borrower |

| | |
|---|---|
| _____ | _____(Seal) |
| Date | -Borrower |

Loan No.: 0031240542

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____    -Borrower    _____    -Borrower
ANDRE FRANKS

_____    -Borrower    _____    -Borrower

Loan No.: 0031240542

# CORRECTION AGREEMENT

**Borrower(s):** ANDRE FRANKS

**Property:** 1284 PRICE AVE, CALUMET CITY, Illinois 60409

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is ANDRE FRANKS .

"Lender" is Secretary of Housing and Urban Development                    , and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Subordinate Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor Lender or any assignee of Lender.
"Security Instrument" means the Subordinate Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the HUD Partial Claim offered by Lender in the amount of $4,978.42 and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender, or any other investor, to enforce its rights under the Loan documents.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be _prima facie_ evidence of the necessity for same. A written statement addressed to Borrower at the address in the Loan documents shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY:  If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____    1-24-19    _____
ANDRE FRANKS                **-Borrower (Date)**                    **-Borrower (Date)**


_____                    _____
                **-Borrower (Date)**                    **-Borrower (Date)**

---

**CORRECTION AGREEMENT – HUD PARTIAL CLAIM**                    **Page 2 of 2**

Loan No.:  0031240542

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:

BORROWER:

N/A Modification
_____
(Date)

_____ 1-24-1
ANDRE FRANKS              (Date)

N/A Modification
_____
(Date)

_____
(Date)

_____
(Date)

_____
(Date)

_____
(Date)

_____
(Date)

**ATTORNEY SELECTION NOTICE -MULTISTATE**                          **Page 1 of 1**